UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NIYLA S. BLACK,<br>also known as "Diamond," "Aleta Anderson," and "Keith Black" | No. 18 CR 334<br><br>Judge Sharon Johnson Coleman |

## AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1.      Certain materials exchanged by the Parties, provided by the United States, or produced by third parties, in preparation for, or in connection with the proceedings in this case contain particularly sensitive information ("Sensitive Information").  Sensitive Information includes, but is not limited to, information that could identify the victim and images and videos of the victim in this case.

2.      All materials containing Sensitive Information, referred to herein as "Materials" and "Attorney Only Materials," including those previously produced to the defendant in this case, are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3. All Materials shall be plainly marked as sensitive or protected by the government prior to disclosure. No such Materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive or protected shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

4. Defendant, defendant's counsel, and other persons to whom the Court may authorize disclosure, shall not copy or reproduce the Materials except in order to provide copies of the Materials for use in connection with this case by defendant, defendant's counsel, and other persons to whom the Court may authorize disclosure. Such copies and reproductions shall be treated in the same manner as the original Materials.

5. Defendant, defendant's counsel, and other persons to whom the Court may authorize disclosure shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Materials.

6.      Certain materials containing Sensitive Information produced by the government to defendant's counsel shall not be provided to defendant or anyone else, except as provided below ("Attorney Only Materials"). The Attorney Only Materials shall be plainly marked as such by the government prior to disclosure. Neither the Attorney Only Materials nor the information contained therein may be disclosed to any person other than counsel for defendant (defined as counsel of record in this case) or investigators employed by defendant's counsel to assist the defense, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, Attorney Only Materials that identify the victim, including any photographs or videos of the victim, shall not be included in any public filing with the Court, and instead shall be submitted under seal. Defendant's counsel and authorized persons shall not copy or reproduce the Attorney Only Materials except for use in connection with this case by defendant's counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. Defendant shall view Attorney Only Materials only in the presence of counsel for defendant.  Defendant shall not be provided with any Attorney Only Materials or copies thereof and shall not make any notes or records related to the victim's identifying information from the contents of the Attorney Only Materials.

7.      Before providing Materials or Attorney Only Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the

authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the government upon request.

8. Upon conclusion of all stages of this case, all of the Materials and Attorney Only Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Materials and Attorney Only Materials. In the event that the Materials or Attorney Only Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Materials and Attorney Only Materials are so maintained, and the Materials and Attorney Only Materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. To the extent any Materials or Attorney Only Materials are produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the Materials and Attorney Only Materials and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such Materials and Attorney

Only Materials if in hard copy, and in the case of electronic Materials or Attorney Only Materials, shall certify in writing that all copies of the specified Materials or Attorney Only Materials have been deleted from any location in which they were stored.

10.     The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 1, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

11.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

SHARON JOHNSON COLEMAN
District Judge
United States District Court
Northern District of Illinois

Date: 10/31/2018